IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SUSAN L. PROPHET                                                                    PLAINTIFF


                            v.                    Civil No. 14-2068


CAROLYN COLVIN, Commissioner
Social Security Administration                                        DEFENDANT


<u>**MEMORANDUM OPINION**</u>

　　　　Plaintiff, Susan Prophet, brings this action under 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of Social Security Administration (Commissioner)

denying her claims for a period of disability, disability insurance benefits ("DIB"), and

supplemental security income ("SSI") under Titles II and XVI of the Social Security Act

(hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   In this judicial review, the

court must determine whether there is substantial evidence in the administrative record to support

the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.**      <u>**Procedural Background**</u>**:**

　　　　Plaintiff filed her applications for DIB and SSI on January 12, 2012, alleging an onset date

of May 30, 2010, due to coronary artery disease, right knee pain, and degenerative disk disease of

the lumbar spine.  Tr. 103-106, 107-112, 150, 166-167.  The Commissioner denied Plaintiff's

applications initially and on reconsideration.  Tr. 51-56.  An Administrative Law Judge ("ALJ")

held an administrative hearing on January 24, 2013.  Tr. 27-50.  The Plaintiff was present, but

waived her right to representation.  Tr. 30.

At the time of the hearing, Plaintiff was 47 years old and possessed an eleventh grade education.  Tr. 33.  Plaintiff had past relevant work ("PRW") experience as an admissions clerk, machine packager, and home care provider.  Tr. 38, 157-164.

On February 15, 2013, the ALJ found that Plaintiff's coronary artery disease and degenerative disk disease of the lumbar spine were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 17-18.  After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work.  Tr. 18.  The ALJ then found Plaintiff could perform work as an admissions clerk.  Tr. 22.

The Appeals Council denied Plaintiff's request for review on January 28, 2014.  Tr. 1-6. Subsequently, Plaintiff filed this action.  ECF No. 1.  This case is before the undersigned by consent of the parties.  ECF No. 7.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 10, 11.

## II.   <u>Applicable Law</u>:

This court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  We must affirm the ALJ's decision if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is

possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the decision of the ALJ. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).  Only if the ALJ reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

III.  **Discussion**:

Plaintiff raises the following issues on appeal:  1) whether the ALJ failed to fully and fairly develop the record; 2) whether the Plaintiff's degenerative joint disease of her lower extremity constitutes a severe impairment; and, 3) whether the ALJ erred in his RFC determination.

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

A.  **Develop the Record**:

In her first point of error, Plaintiff contends that the ALJ failed to develop the record.  The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts.  *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).  In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision.  *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001).

The ALJ is only required to develop a reasonably complete record.  *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994).  Further, the regulations provide that treating physicians or psychologists will be recontacted by the Commissioner only when the medical evidence received from them is inadequate to determine a claimant's disability.  20 C.F.R. § 416.912(e); *Jones v. Astrue*, 619 F.3d 963, (8th Cir. 2010).

Plaintiff alleges that the ALJ failed to recontact Dr. Clifford Evans regarding the results of her consultative physical examination.  More specifically, she argues the ALJ was required to ask Dr. Evans for a full and complete RFC assessment.  While a more detailed assessment would have been helpful, Dr. Evans' records indicate that the Plaintiff had a full a full range of motion in all

areas, with the exception of a 20 degree deficit in the lumbar spine; a normal gait; no muscle weakness or atrophy; and, a negative straight leg raise bilaterally.  He concluded the Plaintiff would have "mild to moderate limitation in body as a whole due to lower back pain & L leg weakness and atypical angina."  Tr. 200-204.

Aside from the consultative exams ordered by the ALJ, the record contains sparse medical evidence.  In 2005, Plaintiff underwent an MRI of her pelvis, which revealed some disk bulging at the L5-S1 level.  Tr. 251.  Further, Dr. Judith Forte completed a physical RFC assessment in February 2012, concluding that the Plaintiff could perform medium level work involving only occasional stooping and crouching.  Tr. 207-214.

On February 10, 2012, Plaintiff presented in the emergency room with complaints of chest pain radiating into her left shoulder and arm.  Tr. 219-222.  However, her work-up was negative. Dr. Richard Daily diagnosed her with chest discomfort and arm pain.

A consultative cardiac evaluation by Dr. Bill Mears, conducted in May 2012, revealed some atypical angina and dyspnea.  Tr. 233-235.  Plaintiff complained of chest pressure at times, shortness of breath, and numbness in her hand.  However, she also acknowledged that this pain was responsive to both rest and Nitroglycerine.  *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (holding if an impairment can be controlled by treatment or medication, it cannot be considered disabling).  Dr. Mears diagnosed her with chest pain, dyspnea, abnormal lipids, and a family history of coronary artery disease.  Although he did recommend a cardiac stress test to further evaluate her complaints, there is no corroborating medical evidence to suggest that the Plaintiff was experiencing significant chest pain.  In fact, there are no further medical records to document treatment for or complaints of chest pain.

In October 2012, Plaintiff visited the Good Samaritan Clinic with complaints of lower back pain since 2004.  Tr. 246.  She alleged pain that began in her tailbone, radiated into her lower back, and was relieved by Ibuprofen.  *Id.*  Further, she stated that standing, sitting, and walking for 5 to 15 minutes caused pain.  An examination did reveal some tenderness over the lumbosacral area and a negative straight leg raise test on the left, but no other abnormalities.  The doctor diagnosed lumbago and ordered x-rays, which showed degenerative disk space narrowing at the L2-3 and L5-S1 levels.  Tr. 250.  He also prescribed Mobic.

A follow-up on December 19, 2012, showed no physical changes.  Tr. 245.  The doctor diagnosed degenerative disk disease of the lumbar spine and advised her to continue the Mobic.  However, the Plaintiff voiced no complaints of chest or back pain, and the doctor made no adjustment to her Mobic dosage.  Moreover, there are no further records to indicate that the Plaintiff sought ongoing treatment for her back and/or chest pain, or that she continued to receive pain medication.

Accordingly, after a full review of the evidence, we find the record contained sufficient evidence for the ALJ to make an informed decision.  The ALJ was not required to recontact Dr. Evans for a more complete RFC.

**B.    Non-severe Impairment:**

Plaintiff also contests the ALJ's failure to include her degenerative joint disease ("DJD") of the right knee as a severe impairment.  A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'"  *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)).

Interestingly, aside from Dr. Evan's assessment of DJD of the right knee, the record contains no evidence to support limitations related to the Plaintiff's knee.  Dr. Evan's examination

showed a normal gait with full limb function.  Moreover, when she sought out medical attention at the Good Samaritan Clinic, Plaintiff made no mention of her alleged knee pain.  Tr. 245, 246.  And, no limitations or diagnoses were made regarding the knee.  Accordingly, we find no error in the ALJ's failure to include Plaintiff's alleged DJD of the right knee as a severe impairment.

      **C.**    **<u>RFC Determination:</u>**

      In her final point of error, the Plaintiff protests the ALJ's RFC assessment.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC.  *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations."  *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace."  *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

      Plaintiff asserts that the ALJ's RFC assessment is flawed because it did not contain the postural limitations found by Dr. Forte.  Dr. Forte concluded that the Plaintiff could perform

medium work with occasional stooping and crouching.  The ALJ, however, concluded that the Plaintiff was more limited, and found the Plaintiff capable of performing a full range of light work. As a result, he concluded the Plaintiff could return to her PRW as an admissions clerk.

Although the Plaintiff contends she has postural limitations, the record does not support those limitations.  First, we note that she failed to seek out consistent treatment for her pain.  *See Edwards v. Barnhart*, 314 F.3d at 967 (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment). The record contains only two instances in the record where the Plaintiff sought out treatment for back pain.  We also note that, when the Plaintiff did seek out treatment, on only one occasion did she report that standing, sitting, and walking for more than 15 minutes aggravated her back pain. Tr. 233.

While Plaintiff does claim a financial inability to obtain medical treatment, we can find no evidence to suggest that she was refused medical treatment due to her financial status or lack of insurance, or that she consistently sought out services offered to indigent or low income individuals.  She did obtain treatment through the Good Samaritan Clinic in October and December 2012, but she has provided this Court with no evidence to indicate why she waited so long to do so.  And, we note that she continued to smoke, in spite of alleging a financial hardship.  *See Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (noting that despite the claimant's claim that he could not afford medication, there was no evidence that he chose to forgo smoking three packs of cigarettes a day to help finance pain medications).

Second, Dr. Evans' exam revealed the ability to squat and rise without limitations and walk on heel and toe.  He documented a negative straight leg raise test bilaterally and a mild limitation in range of motion on flexion of the lumbar spine.  Tr. 202-203.  Further, the October 2012

examination at Good Samaritan Clinic revealed tenderness over the lumbosacral area, but a negative straight leg raise test.  Normal strength and reflexes were also noted.  *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider).  Plaintiff also reported that Ibuprofen relieved her pain.  *See Hepp v. Astrue*, 511 F. 3d 798, 807 (8th Cir. 2008) (moderate, over-the-counter medication for pain does not support allegations of disabling pain).

Perhaps the most damaging, however, is the fact that the Plaintiff continued to work, albeit part-time, as a home health attendant.  At the hearing, she testified to working two hours per day, four days per week.  Although her duties did not require strenuous exertional activity, she did report the ability to prepare meals and perform light housework for her client.  *See Curran-Kicksey v. Barnhart*, 315 F.3d 964, 969 (8th Cir. 2003) (holding that even part-time work is inconsistent with claim of disability).  Plaintiff also reported the ability to care for her personal hygiene, prepare her own meals, drive, perform household chores, and shop for groceries in stores.

For the sake of argument, however, even if the ALJ's determination that the Plaintiff could perform a full range of light work was error, he determined she could return to her PRW as an admissions clerk.  The vocational expert identified this position as a sedentary job.  Tr. 47.  The definition of sedentary work reveals that activities such as climbing, balancing, kneeling, crouching, or crawling do not erode the occupation base for this level of work.  SSR 96-6p, 1996 WL 374185 *3.  Therefore, even if the postural limitations had been included in the RFC, the Plaintiff would still be capable of performing her PRW.

Therefore, the undersigned finds substantial evidence to support the ALJ's determination that the Plaintiff retained the RFC to perform her PRW as an admissions clerk.

**V.**      **Conclusion:**

Having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and the decision is affirmed.   The undersigned further orders that the Plaintiff's Complaint be dismissed with prejudice.

DATED this 14th day of May, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE